Per Curiam.

In this case the declaration alledges, that the defendant, with force ¡and arms, shot and lálled a negro slave -of tile .plaintiff’s. After verdict, the defendant moved in arrest of judgment, “ that the plaintiff could not recover in this action, because, by the killing of the slave in question, the private injury to the owner is merged and swallowed up in the public offence.” The Circuit Court sustained the motion, and the question to he decided by this Court, is, whether the judgment was properly arrested. In general, the law provides a remedy for every injury. The •only inquiry .then, is, whether, in cases where the injury amounts to felony, the party injured is barred of Ms remedy. In the case of Crosly v. Long, (12 East’s Rep. 409,) (178) it was held that after verdict of acquittal, upon an indictment for a felonious assault, the party injured may maintain a civil action for damages and it was said by Lori Ellenborough in that case, that after a verdict, either of conviction or acquittal, in a criminal prosecution, the party injured by any felonious act, can seek civil redress for it. It was likewise decided in the case of Smith v. Weaver, ( Taylor’s Pep. 50 or 58,) that, after acquittal, on an indictment for killing a slave, the owner may maintain trespass. These cases show, that the civil remedy is not barred, but suspended, until the justice of the country shall be satisfied. Whether the policy of our- law requires such suspension of individual remedy, need not now be decided, as the plaintiff in this case shows a good cause of action, and the question of prosecution is not made in the cause; if it arose on. the trial, it -was not made the subject of exception; and as the declaration is sufficient, and the presumption of the law, is, that the plaintiff proved on the trial all ¡that was necessary to enable him to recover.
The judgment of the Circuit Court, must, therefore, be reversed with costs; the cause remanded, and the Circuit Court directedilo render judgment, on the verdict .of ithe jury, for the plaintiff.